J. M. HOLLIS, *Appellant,* v. LEE COUNTY BANK & TRUST COMPANY, a corporation, *Appellee.*

146 So. 378.

Opinion filed February 6, 1933.

*W. S. Wilson, Fred H. Mellor* and *James W. Chambliss,* for Appellant;

*Henderson & Franklin,* for Appellee.

Rowe, Circuit Judge.—On the 20th day of December, A. D. 1929, the appellee, as complainant below, filed its bill of complaint in the Circuit Court of the Twelfth Judicial Circuit, in and for Lee County, Florida, to foreclose a mortgage bearing date of April 16, 1926, given to secure the payment of two certain promissory notes of even date therewith, one in the sum of Eight Thousand Three Hundred Thirty-three and 33/100 Dollars, due and payable one year after date thereof; the other in the sum of Eight Thousand Three Hundred Thirty-three and 34/100 Dollars, due and payable two years after date thereof, same to draw interest at the rate of eight per cent per annum, from date, until paid, said interest to be due and payable semi-annually.

The notes and mortgages had the usual agreements as to payment of costs and attorney's fees—in case of collection after default or upon maturity, if collected by an attorney in suit.

The notes and mortgage were executed by the appellant here, the defendant below, J. M. Hollis, and payable to Francis W. Perry, and, by him, Hollis, delivered to the said Francis W. Perry and thereafter and before maturity of either note, assigned and transferred by said payee to the complainant below.

After default had been made in payment of the first note when it became due, the complainant below began to urge payment and the defendant below offered to deed the premise to the original mortgagee in satisfaction of the claim, and

the complainant declined to agree to this, resulting in negotiations among the parties out of which grew the two agreements, relied upon by the defendant, Hollis, in and by the allegations of his answer.

There was an alleged oral agreement between the original mortgagee and the defendant, of which the complainant is charged, in the answer of defendant, with knowledge, at the time of the making of the written agreement set out in the answer, which said written agreement appears from the record to have been dictated, written up and executed in the place of business of the complainant below, and which the answer charges was acquiesced in by the complainant below.

The terms of this written agreement are not as clear as they might be but in view of the record it is not necessary for the Court to construe same. The defendant below contends that it was intended that, upon the payment of Two Thousand Five Hundred Dollars on the debt and the execution of said agreement, he would be released from making any further payments on the indebtedness other than by applying the proceeds derived from the sale of the fruit from an orange grove upon the mortgaged premises to pay off said indebtedness and upon the further consideration that he (the defendant below) should cultivate and maintain said grove; fertilize the trees and replace trees wherever necessary. The defendant below further alleges in his answer that he has done and performed all things required of him and that complainant below is not entitled to foreclose its mortgage, but should be held to accepting the proceeds of the sale of the fruit, from the grove until the debt is paid off and discharged thereby.

Does the record bear this out? It is the Court's opinion that it does as, on pages 33, 34 and 35 of the transcript, the defendant admits failure to apply all of the proceeds of the

sale of the said fruit on the indebtedness and has therefore breached the contract himself and is estopped from pleading it as a defense to the foreclosure of the mortgage.

It is not necessary for the Court to pass upon errors assigned, based upon the rulings of the Chancellor. upon objections to testimony, in view of the above finding of the Court.

The decree appealed from should therefore be affirmed and it is so ordered.

DAVIS, C. J., and WHITFIELD, BROWN and BUFORD, J. J., concur.